James F. Lewin (WSBA No. 37797)
Renee M. Parker (WSBA No. 36995)
THE MORTGAGE LAW FIRM, PLC
601 W First Ave, Suite 1417
Spokane, WA 99201
Telephone: (509) 252-0723
Facsimile: (509) 202-4380
Renee.Parker@mtglawfirm.com
TMLF File No. 141333

Attorneys for Responding Secured Creditor, REAL TIME RESOLUTIONS, INC. as agent for DB50 2011-2 TRUST

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>HERBERT THEODORE GRIFFITH,<br>MARTA MARIA GRIFFITH,<br><br>Debtors. | Case No.: 18-12420-TWD<br>Chapter: 13<br><br>OPPOSITION TO DEBTORS' OBJECTION TO CLAIM #1 OF REAL TIME RESOLUTIONS, INC.<br><br>Date: November 7, 2018<br>Time: 9:30 a.m.<br>Ctrm.: 8106<br>Judge: Hon. Timothy W. Dore<br>Place: 700 Stewart Street, 8th Floor<br>Seattle, WA 98101-1271 |

<u>Creditor does not intend to engage in discovery as to this specific contested matter.</u>

Creditor, REAL TIME RESOLUTIONS, INC. AS AGENT FOR DB50 2011-2 TRUST ("Creditor"), hereby submits the following Opposition ("Opposition") to the Objection to Claim #1 of Real Time Resolutions, Inc. filed October 3, 2018 at Docket No. 40 ("Claim Objection") by Debtors HERBERT THEODORE GRIFFITH and MARTA MARIA GRIFFITH ("Debtors").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF FACTS**

1. On or about March 26, 2007, Herbert T. Griffith Jr. aka Herbert T. Griffith made, executed and delivered to First Guaranty Financial Corporation, a California Corporation ("Lender")

1
OPPOSITION TO OBJECTION TO CLAIM NO. 1

1   a Promissory Note ("Note") in the principal sum of $35,000.00 (the "Note"); the Note is set to

2   mature during the instant bankruptcy, on April 1, 2022, if the instant bankruptcy is pending for a 60

3   month term. *See*, Claim No. 1-1 on the Claims Register herein (hereinafter the "POC").

4         2.       On or about July 26, 2007, Debtors jointly made, executed and delivered to Lender a

5   Deed of Trust ("Deed of Trust") granting Mortgage Electronic Registration Systems, Inc.

6   ("MERS"), as nominee for Lender, a security interest the residential real property commonly known

7   and described as 14921 58TH AVENUE SOUTH, TUKWILA, WA 91868 (the "Property") which is

8   more fully described in the Deed of Trust. The Deed of Trust was recorded in the Office of King

9   County Auditor as Instrument No. 20070502000319. *See*, POC.

10         3.       The obligation under the Note and Deed of Trust is in default commencing April 1,

11   2009 due to the Debtors' failure to make monthly payments to Creditor. As of the date of filing, the

12   prepetition arrearage claim was $39,215.19 and the total debt was $72,972.78 (POC).

13         4.       On March 30, 2017 the Debtors filed their Petition which states the Property is

14   Debtors' primary residence, and Schedule A, which states the Property has a value of 400,000.00

15   (Dkt. 1). Debtors did not provide any additional documentation or information to show how that

16   value was derived.

17         5.       The lienholder senior to Creditor, PennyMac Loan Services, LLC ("PennyMac") filed

18   its proof of claim showing a total claim of $218,503.50 on the date of filing (Claims Register, Claim

19   No. 10-1) (the "PennyMac Claim"), thereby leaving $181,496.50 in equity to secure Creditor's lien.

20         6.       As Debtors are not able to avoid Creditor's lien due to equity issues, the Claim

21   Objection was filed in order to circumvent the protections provided by both the Bankruptcy Code

22   and established case law. ).

### II. ARGUMENT

**A.    Debtors Have Not Met Their Burden to Challenge the Prima Facie Validity of Creditor's Proof of Claim**

Debtors' Claim Objection is not the proper vehicle in which they would contest the *validity* of Creditor's security interest, and the Claim Objection is limited in the scope and nature of what it

2
OPPOSITION TO OBJECTION TO CLAIM NO. 1

Case 18-12420-TWD    Doc 44    Filed 10/25/18    Ent. 10/25/18 13:30:09    Pg. 2 of 7

can accomplish. Debtors rely upon a sole ***unpublished*** case, one that is persuasive, to assert expiration of the statute of limitations on the Note enforcement completely eviscerates Creditor's POC (Dkt. 40-2, *Jarvis v. Fed. Nat'l Mortg. Ass'n*, 726 F. App'x 666 (9th Cir. 2018)). This is not contemplated by an objection to a proof of claim.

*In re Campbell* states "a claim objection that does not actually contest the debtor's liability or the amount of the debt is insufficient to disallow a proof of claim, even if the proof of claim lacks the documentation required by Rule 3001(c)." 336 B.R. 430, 432 (9th Cir. B.A.P. 2005). Federal Rule of Bankruptcy Procedure ("FRBP") Rule 3001 (f) provides that a claim filed in according with the rules "shall constitute prima facie evidence of the validity of the amount of the claim."

To rebut the prima facie validity of a claim, the objecting party must provide "substantial evidence." *In re Hayes*, 393 B.R. 259, 269 (Bankr. D. Mass. 2008). The "substantial evidence" must be equal in probative force to the prima facie validity of the creditor's secured claim. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991); *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 210 (B.A.P. 9th Cir. 2006). Merely raising questions about a proof of claim, and whether a proof of claim is valid or not, is insufficient alone to justify disallowance.

If the objecting party meets his burden by providing substantial evidence, the burden then shifts back to claimant to establish the validity of its claim. *Diamant v. Kasparian (In re Southern California Plastics, Inc.)*, 165 F.3d. 1243, 1247 (9th Cir. 1999); *In re Stewart*, No. 08-60012, 2010 WL 1258213(9th Cir. April 1, 2010).

Here, Debtors do not state the POC lacks documentation to strip Creditor's presumption of validity afforded under Rule 3001(c), do not dispute that they *incurred* the debt (Dkt. 40, Pg. 2: 9-11), and do not dispute the *amount* of the security interest – a security interest that is wholly secured by equity in the Debtor's Property. To sustain the Claim Objection in these circumstances would be unjust.

<u>More importantly</u>, the Claim Objection does not have any signed declaration by the Debtors to support their assertions of non-payment. The POC on file merely states the dates for which installment payments were due and owing. It does not state when the last payment was *received*

3
OPPOSITION TO OBJECTION TO CLAIM NO. 1

from the Debtors, and the Debtors fail to provide the date of their last payment to Creditor. Accordingly, the Debtors have not met their burden to rebut the prima facie validity afforded to Creditor's Proof of Claim.

**B.      The Supreme Court Held That Creditor's Lien Passes Through Unaffected**

Here, the Debtors confuse Creditor's ability to collect on a note with Creditor's security interest under the lien. The Note and the Deed of Trust are two separate and distinct documents. Creditor's secured lien passed through the Debtor's prior bankruptcy[1] discharge **fully intact**, the lien still encumbers the Property, Creditor retains a lien against the Property, and Creditor can enforce its lien against the Property. *See*, *Long v. Bullard*, 117 U.S. 617, 620-21, 29 L.Ed. 1004, 6 S.Ct. 917 (1886) ("By section 5119 of the Revised Statutes the discharge releases the bankrupt only from debts which were or might have been proved, and by section 5075 debts secured by mortgage or pledge can only be proved for the balance remaining due after deducting the value of the security, unless all claim upon the security is released."); *Brawders v. Cnty. of Ventura (In re Brawders)*, 503 F.3d 856, 872 (9th Cir. 2007) ("[The Chapter 13 Plan] does not, however, eviscerate Ventura's lien rights or reduce the total amount of assessments secured by its lien. *See also*, *Dewsnup v. Timm*, 502 U.S. 410, 417-418, 116 L.Ed.2d 903, 112 S.Ct. 773 (1992):

> We think, however, that the creditor's lien stays with the real property until the foreclosure. That is what was bargained for by the mortgagor and the mortgagee … This result appears to have been clearly established before the passage of the 1978 Act. Under the Bankruptcy Act of 1898, a lien on real property passed through bankruptcy unaffected. This Court recently acknowledged that this was so. See *Farrey v. Sanderfoot,* 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy"); *Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991) ("Rather, a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*").

The Supreme Court of the United States established that the only prohibition the prior discharge placed on Creditor would be the ability to collect on the Note where Creditor's lien was extinguished by a foreclosure by the senior lienholder – which has not occurred here.

---

[1] Case No. 10-16647-SJS filed in the Western District of Washington (hereinafter the "Prior Bankruptcy").

Moreover, the Debtors were fully aware of the requirement to pay Creditor's secured lien *despite* the Chapter 7 discharge. The Discharge Order issued to Debtors in the Prior Bankruptcy stated the following: "However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the [Chapter 7] bankruptcy case." Prior Bankruptcy, Docket 16, Pg. 2.

Accordingly, the Claim Objection should be overruled.

### C. The Debtors' Unpublished Case Does Not Support A Claim Objection

There is *excessive* equity in the Property wholly securing Creditor's lien, prevents Debtors from avoiding Creditor's lien. This Claim Objection is a mere vehicle to accomplish an avoidance.

Washington law similarly makes the distinction between enforcement of a note and of a deed of trust: "In sum, nothing in this record and nothing under either federal or state law supports the conclusion that the discharge of personal liability on the note also discharges the lien of the deed of trust securing the note. The deed of trust is enforceable." *Edmundson v. Bank of Am.*, 194 Wash. App. 920, 927, 378 P.3d 272, 276 (2016). "The trial court also concluded, on state law grounds, that the deed of trust became unenforceable once the underlying note that it secured became unenforceable due to the bankruptcy discharge. There simply is no authority for that legal conclusion." *Edmundson*, 194 Wash. App. at 926.

## III. CONCLUSION

WHEREFORE, Creditor prays as follows:

1. That the Claim Objection be overruled; and.

2. For such other relief as this Court deems proper

Respectfully submitted,

DATED: October 25, 2018    THE MORTGAGE LAW FIRM, PLC

               BY: /s/ Renee M. Parker
                 Renee M. Parker, Esq.,
                 Attorneys for REAL TIME RESOLUTIONS,
                 INC. as agent for DB50 2011-2 TRUST

James F. Lewin (WSBA No. 37797)
Renee M. Parker (WSBA No. 36995)
THE MORTGAGE LAW FIRM, PLC
601 W First Ave, Suite 1417
Spokane, WA 99201
Telephone: (509) 252-0723
Facsimile: (509) 202-4380
Renee.Parker@mtglawfirm.com
TMLF File No. 141333

Attorneys for Objecting Secured Creditor, REAL TIME RESOLUTIONS, INC. as agent for DB50 2011-2 TRUST

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>HERBERT THEODORE GRIFFITH,<br>MARTA MARIA GRIFFITH,<br><br>          Debtors. | Case No.: 18-12420-TWD<br>Chapter: 13<br><br>CERTIFICATE OF MAILING |

**CERTIFICATE OF MAILING**

I hereby certify under penalty of perjury under the laws of the State of Washington that I mailed a true and correct copy of the document entitled OPPOSITION TO DEBTORS' OBJECTION TO CLAIM #1 OF REAL TIME RESOLUTIONS, INC., postage pre-paid, regular first class mail or Electronic Message via Electronic Case Filing on the 25th day of October, 2018, to the parties listed on the attached continuation sheet:

DATED this 25th day of October, 2018.

                                      */s/ Renee Parker*_____
                                      Attorney

| | |
|---|---|
| CERTIFICATE OF MAILING<br><br>TMLF File No.: 141333 | THE MORTGAGE LAW FIRM, PLC<br>601 W First Avenue, Suite 1417<br>Spokane, Washington 99201<br>Telephone: (509) 252-07230<br>Facsimile: (509) 202-4380 |

**Proof of Service (Continuation Sheet):**

**VIA ECF NOTICE ONLY:**
**Mark Ditton**
mark@nwdrlf.com, thomas@nwdrlf.com; northwestdebtrelief@gmail.com; dittonlaw@gmail.com; nwdebtrelief@gmail.com

*Attorney for Debtors*

K Michael Fitzgerald
courtmail@seattlech13.com
*Chapter 13 Trustee*

US Trustee
United States Trustee
USTPRegion18.SE.ECF@usdoj.gov
*U.S. Trustee*

**VIA FIRST CLASS MAIL:**
Herbert Theodore Griffith
Marta Maria Griffith
14921 58th Ave. S.
Seattle, WA 98168
*Debtors*

---

CERTIFICATE OF MAILING

TMLF File No.: 141333

THE MORTGAGE LAW FIRM, PLC
601 W First Avenue, Suite 1417
Spokane, Washington 99201
Telephone: (509) 252-07230
Facsimile: (509) 202-4380